UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| TAMMY GATTE, individually and as representative of the estate of her deceased spouse, Phillip Gatte, and as Natural Tutrix of her minor child, Evan Gatte and COLBY GATTE : | CIVIL ACTION NO. _____ |
| Plaintiffs | |
| versus : | |
| READY 4 A CHANGE, LLC, : JUDY DOHM, DR. RAFAEL VELASCO MARIN, DR. EZEQUIEL GAMEZ HINOJOSA, DR. HECTOR JOAQUIN PEREZ CORZO, GUILLERMINA GAMEZ, and CLINICA VICTORIA HOSPITAL | JUDGE_____ <br><br> MAGISTRATE JUDGE_____ |
| Defendants | |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come defendants, **Ready 4 A Change, LLC and Judy Dohm**, fully reserving their rights to raise all defenses and objections to which they may be entitled, and hereby remove from the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lake Charles Division, the following described and captioned lawsuit, and in support thereof, defendants represent as follows:

1.

On or about March 8, 2012, plaintiffs filed suit against defendants in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, in an action captioned *"Tammy Gatte, individually and as representative of the estate of her deceased spouse, Phillip*

*Gatte, and as Natural Tutrix of her minor child, Evan Gatte, and Colby Gatte v. Ready For A Change, LLC, Judy Dohm, Dr. Rafael Velasco Marin, Dr. Ezequiel Gamez Hinojosa, Dr. Hector Joaquin Perez Corzo, Guillermina Gamez, and Clinica Victoria Hospital*," bearing Docket No. 2012-934-Div. H. Defendant was served with the petition and a citation on March 31, 2012.

2.

This Notice of Removal is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

3.

Pursuant to 28 USC § 1446(a), a copy of all pleadings and orders in the state court record, along with "all process, pleadings and orders served upon" and provided to[1] defendants, are attached *in globo*, as referenced in Exhibit A - Certificate Constituting Entire State Court Record.

4.

The basis of this removal under 28 USC § 1441 is diversity jurisdiction, pursuant to 28 USC § 1332. Complete diversity of citizenship exists between the properly joined parties in this case. Defendant, Judy Dohm, is an individual, resident, and domiciliary of the State of Minnesota. Defendant, Ready 4 A Change, LLC, is a foreign limited liability company, with its principal place of business in New Prague, Minnesota. Defendant, Rafael Valasco Marin, is a foreign national, residing in Cancun Q.Roo, C.P, Mexico. Defendant, Dr. Ezequiel Gamez Hinojosa, is a foreign national residing in Cancun, Mexico. Defendant, Dr. Hector Joaquin Perez Corzo, is a foreign national residing in Cancun, Mexico. Defendant, Guillermina Gamez, is a foreign national residing in Cancun, Mexico.

---

[1] The First Amended Petition for Damages was provided to undersigned by plaintiffs' attorney via email on April 20, 2012.

Defendant, Clinica Victoria Hospital, is a foreign business enterprise located and believed to have its principal place of business in Cancun Q.Roo, C.P., Mexico. On information and belief, plaintiffs have added Dr. Gamborg, a citizen and resident of Louisiana, but have done so for the sole and improper purposes of attempting to defeat diversity. Plaintiff, Tammy Gatte, is a citizen and resident of the State of Louisiana. Plaintiff, Colby Gatte, is a citizen and resident of the State of Louisiana.

This Notice of Removal is filed pursuant to 28 USC § 1446(b), because defendants have ascertained from the plaintiffs' Petition for Damages, which alleges defendants are liable for the wrongful death of decedent, Phillip Gatte, that the amount in controversy exceeds $75,000.00, and this case is removable. Accordingly, removal is proper and this Honorable Court is vested with subject matter jurisdiction over this action.

5.

Upon the filing of this Notice of Removal, defendants have, at the same time given written notice to plaintiffs, through their counsel, and by furnishing copies of this Notice and attachments. Defendants will file forthwith a notice of this removal in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.

**A Reasonable Reading and Interpretation of Plaintiffs' Petition for Damages Establishes that the Amount in Controversy Exceeds the Federal Jurisdictional Limit and, Accordingly, Removal of this Matter is Proper Pursuant to 28 USC § 1446(b)**

6.

28 USC § 1446(b), in pertinent part, provides that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleadings, setting forth the claim for relief upon which such action or proceeding is based..."

7.

Plaintiffs filed their Petition on March 8, 2012, and served appearer, Judy Dohm, on March 31, 2012. In their Petition, plaintiffs assert that appearers are liable for the wrongful death of Mr. Phillip Gatte, including such items as pre-death pain and suffering (survival action), loss of income, support, employee benefits, pain and suffering, mental anguish, loss of society, consortium, and familial relationships, and any and all other damages that this court finds reasonable in the premises.

8.

It is reasonably ascertainable from the Petition for Damages that in a case involving the death of a person and the damages claimed by plaintiffs that the amount in controversy exceeds $75,000.00.

## Plaintiffs are Citizens of the State of Louisiana

9.

In their Petition, plaintiffs admit that they are citizens and residents of the State of Louisiana. *See* the plaintiffs' Petition for Damages, ¶ 2.

## Defendant, Judy Dohm, is a Resident of the State of Minnesota

10.

Defendant, Judy Dohm, does not reside in, and is not domiciled in Louisiana. She is a resident of the State of Minnesota. Accordingly, there is complete diversity between the plaintiffs and Judy Dohm.

Ready 4 A Change, LLC has its principal place of business in Minnesota. It was formed under the laws of the State of Minnesota. Furthermore, all remaining defendants,

with the exception of improperly joined Dr. Gamborg, are foreign nationals. This case is therefore removable, and defendants respectfully request that this Court exercise subject matter jurisdiction over this matter.

11.

Defendants reserve their rights to raise all objections and defenses to which they may be entitled, waiving nothing.

12.

Defendants reserve the right to amend or supplement this Notice of Removal and to urge additional arguments in support of their entitlement to remove this suit.

13.

On or about April 19, 2012, plaintiffs filed a First Supplemental and Amending Petition, adding Dr. Brian Gamborg as a defendant. Defendants have not been formally served with the pleading, but have been provided with a copy via email.

14.

As of the filing of this Notice of Removal, no other diverse defendant has been served with the First Supplemental and Amending Petition. This removal is timely because it is filed within 30 days of service of the original Petition for Damages on the first served diverse defendant. 28 U.S.C. § 1446(b).

15.

Despite the adding of Dr. Gamborg, diversity of citizenship exists between the plaintiff and the only properly joined defendants. Thus, this action may be removed to this court pursuant to the provisions of 28 U.S.C. §1441.

16.

Removing defendant avers that plaintiffs have improperly joined Dr. Gamborg as a defendant, for the sole and only purpose of attempting to defeat or prevent removal of this

case to the United States District Court for the Western District of Louisiana as will more fully appear upon an inspection of the pleadings, and for reasons which will be discussed below, plaintiffs have failed to show any claim for relief or right of recovery against Dr. Gamborg.

17.

The doctrine of improper joinder prevents the plaintiffs from defeating federal diversity jurisdiction by naming non-diverse defendants. In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is... [a] reasonable basis for the District Court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc); *see also Badon v. RJR Nabisco Inc.*, 236 F.3d, 282, 286 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood,* 385 F.3d at 573 n.9 (quoting *Badon,* 236 F.3d at 276 n. 4). Here, there is no reasonable basis to predict that plaintiffs might be able to recover against Dr. Gamborg. Accordingly, Dr. Gamborg is improperly joined and this Court has diversity jurisdiction.

### (1) There is "No Reasonable Possibility of Recovery" Against Dr. Gamborg Until Plaintiffs Complete the Statutorily Mandated Medical Review Proceeding.

18.

This lawsuit arises out of Phillip Gatte's treatment at a medical clinic in Cancun, Mexico on November 25, 2011, for a removal of excess skin occurring after losing weight after bariatric surgery. On information and belief, Gatte died from a pulmonary embolism while in Mexico, the day after his surgery. The petition alleges that all named defendants are liable for various reasons.

19.

Upon information and belief, Dr. Gamborg is qualified under the Louisiana Medical Malpractice Act ("LMMA"). La. Rev. Stat. § 40:1299.41, et seq, see Exhibit B, Certificate of Enrollment from Louisiana Patient's Compensation Fund (06/01/2011 - 06/01/2012).

20.

The LMMA mandates that "no action against a healthcare provider... may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." LSA - R.S. 40:1299.47(B)(1)(a)(i). If a plaintiff files a malpractice suit against a qualified healthcare provider prior to submitting a claim to a medical review panel, the case must be dismissed as premature. *Dading v. Goodyear Tire & Rubber Co.*, No. 05-0100, 2005 WL 2037450, at *2 (E.D. La. July 25, 2005) (citing *Todd v. Angelloz*, 844 So.2d 316, 318-20) (La. Ct. App. 1 Cir. 2003) (recognizing "a court must sustain an exception of prematurity and dismiss the claim if a malpractice claim against a health care provider covered by the LMMA has been filed in district court without having first been presented to a medical review panel")); *Todd,* 844 So.2d at 318 ("If an action against a health care provider covered by the Act has been commenced in district court and the claimant's proposed complaint has not been first presented to a medical review panel, an exception of prematurity *must be sustained, and claimant's district court claim must be dismissed.")* (emphasis added); *Jarrell v. Am. Med Int'l , Inc.*, 552 So.2d 756, 759 (La. Ct. App. 1989).

21.

Plaintiffs failed to comply with the LMMA medical review panel process regarding the alleged malpractice of Dr. Gamborg before filing suit. Accordingly, plaintiffs' action against Dr. Gamborg is premature. As a result, plaintiffs have no right to pursue a claim

against Dr. Gamborg, and his joinder in this suit is improper and must be disregarded for jurisdictional purposes. *See, e.g., Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006); *Jones v. Centocor, Inc.*, No. 07-5681, 2007 WL 4119054 (E.D. La. Nov. 5, 2007); *Bourne v. Eli Lilly & Co.*, No. 05-1212, 2005 WL 2998914, at *2 (W.D. La. Nov. 8, 2005); *see also Holder v. Abbott Laboratories, Inc.*, 444 F.3d 383, 2006 WL 728028 (5th Cir. Mar. 23, 2006); *Melder v. Allstate Corp.*, 404 F.3d 328 (5th Cir. 2005)

22.

The Fifth Circuit's reasoning in *Holder* and *Meldler* were adopted by the courts in *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006) and *Jones v. Centocor, Inc.*, No. 07-5681, 2007 WL 4119054 (E.D. La. Nov. 15, 2007), in concluding that a qualified healthcare provider is improperly joined in a suit if the plaintiffs have not first submitted their medical malpractice claim before the state administrative medical review panel as required by the LMMA. The *Senia* court found that, "[w]hile the Fifth Circuit has not specifically addressed the Louisiana Medical Malpractice Act's administrative requirements' effect on diversity, the teachings of *Melder* and *Holder* is that a non-diverse defendant is improperly joined if the plaintiffs' claim is premature at the time of removal." *Senia*, 2006 WL 1560747, at *3. The *Senia* court therefore held that "[n]otwithstanding the fact that, at some point in the future, plaintiffs may have viable claims against [the doctor], Fifth Circuit law establishes that he is presently improperly joined. Accordingly, plaintiffs' motion to remand must be denied." *Id.* The *Jones* court likewise reached the same conclusion.

23.

Given the binding Fifth Circuit precedent and previous decisions by the Louisiana federal district courts regarding th statutory prerequisite that plaintiffs proceed against Dr.

Gamborg in a medical review proceeding before proceeding in state court, Dr. Gamborg is improperly joined.[2]

**(2) Plaintiffs Cannot Circumvent this Court's 28 U.S.C.A. 1447(e) Authority and Discretion as to Whether Dr. Gamborg Could Be Added as a Defendant by Filing a New, Separate Action in State Court.**

24.

Assuming plaintiffs were otherwise able to proceed against Dr. Gamborg, doing so by filing this instant action circumvents the Court's discretion, because pursuant to U.S.C.A. 28 § 1447(e), it is within the Court's discretion whether to allow the plaintiffs to amend to name a non-diverse defendant. In exercising its discretion, the Court is to consider numerous factors. *Gatte v. Ready 4 A Change, et al*, No. 2:11cv-02083 (WD La. 2011), arises from the same transaction or occurrence, and by filing this completely new, separate action in Louisiana state court, the plaintiffs are avoiding the scrutiny of this Court as to whether or not they should be granted leave to amend their pleading.[3]

25.

While there is no motion for leave to amend pleadings currently pending before this Court, the jurisprudence interpreting 1447(e) establishes factors which courts consider in deciding whether to grant a motion for leave to amend a petition to add a defendant.

26.

In the state court suit plaintiffs are effectively avoiding this Court's discretion in

---

[2] In light of the Louisiana federal district courts' application of the Fifth Circuit decisions in the context of the Louisiana Medical Malpractice Act, removing defendant submits that *Johnson v. Scimed, Inc.*, 92 F. Supp. 587 (W.D. La. 2000), is no longer good law.

[3] Again, considering the previous argument with respect to prematurity for failing to initiate a medical review panel proceeding, this issue may be moot for purposes of this removal.

whether to allow the amendment by refiling the new, but identical action in state court. The plaintiffs are depriving this Court of its authority and discretion to decide whether the plaintiffs can amend to name Dr. Gamborg, thereby defeating diversity.

**WHEREFORE**, defendants pray that this cause of action proceed before this Honorable Court as an action properly removed from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana, because the requisites for federal diversity subject matter jurisdiction and removal are met.

Respectfully submitted:

s/ **Joseph R. Pousson, Jr.**  - Bar No. 22598
Michael J. Williamson - Bar # 31004
Kendrick J. Guidry - Bar # 26908
PLAUCHE, SMITH & NIESET, L.L.C.
A Limited Liability Company
1123 Pithon Street
P.O. Drawer 1705
Lake Charles, LA 70602-1705
(337) 436-0522
(337) 436-9637 fax

Attorneys for ***Ready For A Change, LLC and Judy Dohm***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing **Notice of Removal** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent via email and U.S. Mail to the following counsel of record:

J. Lee Hoffoss, Jr.
Claude P. DeVall
Donald W. McKnight
NEWMAN, HOFFOSS & DEVALL, LLP
1830 Hodges Street
Lake Charles, LA 70601
(337) 439-5788
jlhoffoss@nhdlawyers.com

-and-

Kenneth H. Hooks, III
H. Price Mounger, III
DODSON, HOOKS & FREDERICK, APLC
112 Founders Drive
Baton Rouge, LA 70810
kenny@dodhooks.com
price@dodsonhooks.com

Lake Charles, Louisiana, this 24th day of April, 2012.

    Respectfully submitted:

    s/ **Joseph R. Pousson, Jr.** - Bar No. 22598
    Michael J. Williamson - Bar # 31004
    Kendrick J. Guidry - Bar # 26908
    PLAUCHE, SMITH & NIESET, L.L.C.
    A Limited Liability Company
    1123 Pithon Street
    P.O. Drawer 1705
    Lake Charles, LA 70602-1705
    (337) 436-0522
    (337) 436-9637 fax

    Attorneys for *Ready For A Change, LLC and Judy Dohm*